IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeffery Dale Tolliver, | ) | C/A No.: 1:14-341-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| The State of South Carolina; The County of Spartanburg; M. Hope Blackley, Clerk of Court; and Barry Barnette, Solicitor's Office, | ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| | ) | |

Jeffery Dale Tolliver, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his constitutional rights and a violation of the Federal Freedom of Information Act ("FOIA") by the following defendants: The State of South Carolina, The County of Spartanburg, Clerk of Court M. Hope Blackley, and Solicitor Barry Barnette (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff indicates that he has been a pretrial detainee at the Spartanburg County Detention Center ("SCDC") since October 9, 2013. [Entry #1 at 2, 5]. Plaintiff

complains that he has "not been indicted" and no requests have been made "by the Solicitors Office in open court or motion through the Spartanburg County Clerk of Courts Office asking for any extensions." *Id.* at 5.  Plaintiff further alleges that Defendants "rubber stamp" indictments without the benefit of a grand jury hearing and attempt to cover up such actions by providing only the first page of a criminal case history to detainees.  *Id.* at 3–5.  Plaintiff cites to the cases of three other prisoners as purported evidence of Defendants' "rubber stamping of indictments." *Id.*  Plaintiff asks this court to order Defendants to comply with the FOIA, the South Carolina Constitution, and the South Carolina Rules of Criminal Procedure.  *Id.* at 6.  Plaintiff further seeks an order directing Defendants to provide SCDC inmates with "all pages of case histories—transcripts—and any other tangibles free of cost." *Id.*

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

    1.    Claims related to other inmates

Plaintiff provides allegations regarding other prisoners. However, Plaintiff lacks standing to bring a lawsuit on another inmate's behalf. *See Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (holding a prisoner cannot act as a "knight-errant" for others); *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977) (finding that one *pro se*

3

inmate does not have standing to sue on behalf of another inmate); *see also Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a *pro se* person's right to litigate for oneself does not create a similar right to litigate on behalf of others). Thus, to the extent Plaintiff seeks to bring a claim on behalf of other inmates, such claims are subject to summary dismissal.

    2.    Immunity

        i.    Eleventh Amendment

Plaintiff sues the State of South Carolina and the County of Spartanburg in this action. However, the Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *see also Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997); *Will v. Michigan Dep't of State Police*, (491 U.S. 58, 71 (1989). The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity

of a state, neither of those exceptions applies in the instant case.[1]  Therefore, Plaintiff's claims against the State and County of Spartanburg are subject to summary dismissal.

### ii.     Prosecutorial Immunity

Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings.  *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000).  In this action, Plaintiff sues Solicitor Barnette for actions associated with the prosecution of Plaintiff's state criminal charges, specifically, for "rubber stamping" indictments and failing to indict Plaintiff since his arrest in October 2013.  [Entry #1 at 5].  As such claims are barred under § 1983 by prosecutorial immunity, they are subject to summary dismissal.

### iii.    Quasi-judicial Immunity

Plaintiff also sues the Clerk of Court for Spartanburg County, Hope M. Blackley, for providing detainees with only the first page of their case histories.  [Entry #1 at 4]. The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]"  *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (internal quotation marks and citation omitted).  In the "recognized

---

[1] Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court.  S.C. Code Ann. § 15-78-20(e).

immunity enjoyed by judicial and quasi-judicial officers . . . there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune." *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969); *see also McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972) (holding "all public officers who act in obedience to a judicial order or under the court's direction" are entitled to immunity), *overruled on other grounds by Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995). Thus, to the extent Plaintiff sues defendant Blackley for actions taken pursuant to a judicial directive, such claims are subject to summary dismissal.[2]

In addition, even if defendant Blackley were not entitled to quasi-judicial immunity, Plaintiff provides insufficient factual information to state a claim against this defendant. Plaintiff fails to show that defendant Blackley has refused to provide any requested information in his case or that she is under any obligation to provide Plaintiff with free copies of his entire case history. Plaintiff also fails to demonstrate a particularized need for a transcript. *See United States v. Shoaf*, 341 F.2d 832, 833–34 (4th Cir. 1964) (finding inmate has no right to a free copy of a transcript "merely to comb through the record in the hope of discovering some flaw"). Thus, Plaintiff's § 1983 claims against defendant Blackley are subject to summary dismissal.

---

[2] Quasi-judicial actors are likewise protected from injunctive relief. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999); *Gilmore v. Bostic*, 636 F. Supp. 2d 496, 506 (S.D.W. Va. 2009) (collecting cases).

       3.      Freedom of Information Act

Plaintiff further alleges that Defendants have violated the FOIA. 5 U.S.C. § 552. As an initial matter, Plaintiff fails to demonstrate that he has made a request for information under the FOIA, or that Defendants have denied any such request. Further, the FOIA, which directs agencies of the federal government to make certain information available to the public, is not applicable to agencies or departments of a state. *See Miller v. South Carolina Dept. of Probation, Parole and Pardon Servs.*, C/A No. 2:08-3836-JFA-RSC, 2008 WL 5427754, at *3 (D.S.C. Dec. 31, 2008) (collecting cases). In addition, a litigant may generally seek judicial review of his FOIA request only after all administrative remedies have been exhausted. *See* 5 U.S.C. §552(a)(6); *see also Pollack v. Dep't of Justice*, 49 F.3d 115, 118 (4th Cir. 1995). Plaintiff includes no information to demonstrate that he attempted to exhaust administrative remedies prior to bringing the FOIA claim. Therefore, Plaintiff's allegations against Defendants for purported FOIA violations are subject to summary dismissal.

While the State of South Carolina has its own Freedom of Information Act, s*ee* S.C. Code Ann. § 30-4-10 *et seq.*, this court should decline to exercise supplemental jurisdiction over any state-law claims raised by Plaintiff, because the federal claims in this case are subject to dismissal. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

       4.      Mandamus Relief

Plaintiff asks this court to order or compel actions by Defendants. [Entry #1 at 6]. Under 28 U.S.C. § 1361, district courts are granted "original jurisdiction of any action in

7

the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. *See United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999). Should Plaintiff look to 28 U.S.C. § 1651, the "all writs statute," as a source of mandamus authority, relief would still be unavailable. A writ of mandamus is limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651; *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587–88 nn.2–4 (4th Cir. 1969). Thus, to the extent Plaintiff seeks mandamus relief against the State and employees or entities thereof, this court lacks jurisdiction under § 1361 and § 1651 to grant such relief.

III. Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*(signature: Shiva V. Hodges)*

March 6, 2014                                              Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).