**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Jeffery Dale Tolliver, ) | |
| ) | Civil Action No.: 1:14-cv-00341-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| The State of South Carolina, ) | |
| The County of Spartanburg, ) | |
| M. Hope Blackley, *Clerk of Court*, and ) | |
| Barry Barnette, *Solicitors Office*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Jeffery Dale Tolliver, proceeding *pro se* and *in forma pauperis*, filed a complaint, pursuant to 42 U.S.C. § 1983, against Defendants the State of South Carolina, the County of Spartanburg, Spartanburg County Clerk of Court M. Hope Blackley, and Solicitor Barry Barnette (collectively, "Defendants"), alleging violations of South Carolina Rules of Civil Procedure, his federal constitutional rights, and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(e) (D.S.C.), the matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

Plaintiff filed a motion to appoint counsel (ECF No. 6), which the Magistrate Judge denied (ECF No. 8). Thereafter, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge issued a Report and Recommendation ("Report"), recommending that the complaint be dismissed without prejudice and without issuance and service of process. (ECF No. 9.) Plaintiff timely filed objections to the Report and to the order denying his motion to appoint counsel. (ECF No. 11.) After considering the order denying the motion to appoint counsel, the Report, and Plaintiff's objections, the court **AFFIRMS** the order denying the motion to appoint counsel (ECF No. 8),

1

**ACCEPTS** the Magistrate Judge's Report (ECF No. 9), and **DISMISSES** the complaint (ECF No. 1) **WITHOUT PREJUDICE** and without issuance and service of process.

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In her Report, the Magistrate Judge ably summarized Plaintiff's complaint, and Plaintiff did not object to the summary:

> Plaintiff indicates that he has been a pretrial detainee at the Spartanburg County Detention Center ("SCDC") since October 9, 2013.[1] Plaintiff complains that he has "not been indicted" and no requests have been made "by the Solicitors Office in open court or motion through the Spartanburg County Clerk of Courts Office asking for any extensions." Plaintiff further alleges that Defendants "rubber stamp" indictments without the benefit of a grand jury hearing and attempt to cover up such actions by providing only the first page of a criminal case history to detainees. Plaintiff cites to the cases of three other prisoners as purported evidence of Defendants' "rubber stamping of indictments." Plaintiff asks this court to order Defendants to comply with the FOIA, the South Carolina Constitution, and the South Carolina Rules of Criminal Procedure. *Id.* at 6. Plaintiff further seeks an order directing Defendants to provide SCDC inmates with "all pages of case histories— transcripts—and any other tangibles free of cost."

(ECF No. 9 at 1-2 (internal citations omitted) (quoting ECF No. 1).)

After filing his complaint, Plaintiff filed a motion to appoint counsel. (ECF No. 6.) Plaintiff explained that he is unable to afford counsel, that his pretrial detainment impeded his ability to litigate the issues in this case as he had no access to a law library, and that the appointment of counsel would better enable Plaintiff to present his case at a trial. (*Id.*)

The Magistrate Judge entered an order denying Plaintiff's motion to appoint counsel. (ECF No. 8.) The Magistrate Judge explained that although there is no right to appointed counsel in a § 1983 case, the court has discretion to appoint counsel for an indigent civil plaintiff in exceptional circumstances. (*See id.* at 1 (citing 28 U.S.C. § 1915(e)(1); *Whisenant v. Yuam*, 739 F.2d 160 (4th

---

[1] Since he filed his complaint, Plaintiff has filed two notices of change of address with the court that indicate he is no longer detained. (*See* ECF Nos. 13, 15.)

Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971)).) The Magistrate Judge determined that the issues involved in the complaint are not so complex as to warrant the appointment of counsel. (*See id.*)

On the same day that she denied the motion to appoint counsel, the Magistrate Judge also issued her Report. Reviewing Plaintiff's complaint under § 1915(e)(2)(B), the Report first noted that the complaint alleged facts regarding other prisoners, and determined that, to the extent Plaintiff seeks to bring claims on behalf of other prisoners, such claims are subject to summary dismissal because Plaintiff lacks standing to bring them. (*See* ECF No. 9 at 3-4 (citing *Myers v. Loudon Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005); *Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981); *Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977)).)

The Report next determined that Defendants were immune from suit. The Magistrate Judge explained that Eleventh Amendment sovereign immunity barred Plaintiff's claims against the State of South Carolina and the County of Spartanburg. (*See id.* at 4 (citing *Alden v. Maine*, 527 U.S. 706, 712-13 (1999); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 58 (1996); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984); *Alabama v. Pugh*, 438 U.S. 781 (1978); *Hans v. Louisiana*, 134 U.S. 1 (1890)).) Because Congress has not abrogated South Carolina's sovereign immunity and because South Carolina had not consented to suit, the Magistrate Judge determined that claims against the State of South Carolina and the County of Spartanburg are subject to summary dismissal. (*See id.* at 4-5.) The Magistrate Judge also determined that the claims against Barnette are for his actions in judicial proceedings and are

therefore subject to summary dismissal under the doctrine of prosecutorial immunity. (*See id.* at 5 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000)).) The Magistrate Judge also determined that, to the extent the claims against Blackley are for her actions taken pursuant to a judicial directive, those claims are subject to summary dismissal under the doctrine of quasi-judicial immunity. (*See id.* at 5-6 & n.2 (*Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999); *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992); *McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972), *overruled on other grounds by Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969); *Gilmore v. Bostic*, 636 F. Supp. 2d 496, 506 (S.D.W. Va. 2009)).) Moreover, to the extent the complaint as to Blackley is not barred by quasi-judicial immunity, the Magistrate Judge determined that it failed to provide sufficient factual matter to state a claim, in that the complaint failed to allege Blackley had an obligation to provide Plaintiff with requested information or that Blackley failed to meet any such obligation, and that the claims against her were subject to summary dismissal on this basis. (*See id.* at 6.)

The Report next determined that Plaintiff's claims under FOIA were subject to summary dismissal for numerous reasons. The Magistrate Judge explained that Plaintiff's complaint fails to allege that he made a FOIA request or that Defendants denied any such request (*see id*. at 7), that FOIA is inapplicable to states and state agencies (*see id.* (citing *Miller v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, No. 2:08-3836-JFA-RSC, 2008 WL 5427754, at *3 (D.S.C. Dec. 31, 2008))), and that the complaint fails to allege and contains no other indication that Plaintiff exhausted his administrative remedies in relation to any FOIA request (*see id.* (citing 5 U.S.C. § 552(a)(6); *Pollack v. Dep't of Justice*, 49 F.3d 115, 118 (4th Cir. 1995))).

Lastly, the Report noted that Plaintiff sought relief in the nature of mandamus, asking the court to compel actions by Defendants, and determined that the court lacked jurisdiction to grant such relief. The Magistrate Judge explained that, although 28 U.S.C. § 1361 provides the court jurisdiction to grant relief in the nature of mandamus, it does so only against federal officers and employees. (*See id.* at 8 (citing *United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999)).) Likewise, the Magistrate Judge explained that, although 28 U.S.C. § 1651 provides courts with mandamus authority, it is limited to cases in which the court at issue is acting in aid of its jurisdiction. (*See id.* (citing 28 U.S.C. § 1651; *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587-88 nn.2-4 (4th Cir. 1969)).)

For the above reasons, the Magistrate Judge recommended that the court dismiss Plaintiff's complaint without prejudice and without issuance or service of process. (*See id.* at 8.)

Plaintiff timely filed objections, challenging both the Magistrate Judge's Report (*see* ECF No. 11 at 1-15) and her order denying his motion to appoint counsel (*see id.* at 16-18).

## II. LEGAL STANDARDS

The standard for reviewing a magistrate judge's report and recommendation as to dispositive matters is well-established. A magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to— including those portions to which only "general and conclusory" objections have been made—for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The

court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The standard for reviewing a magistrate judge's ruling on non-dispositive matters is much more deferential. *See Toney v. LaSalle Bank Nat'l Ass'n*, 36 F. Supp. 3d 657, 666 (D.S.C. 2014). A district judge may reconsider a magistrate judge's non-dispositive ruling "where it has been shown that the magistrate[ judge]'s order is clearly erroneous or contrary to law." *Wertz v. Grubbs*, 45 F.3d 428, at *4 (4th Cir. 1995) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide[ and] the magistrate judge . . . issue[s] a written order stating the decision[,] . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").

Regarding factual issues, a magistrate judge's "'finding is clearly erroneous when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Wilson v. Jacobs*, No. 0:14-4006-TMC, 2016 WL 690869, at *1 (D.S.C. Feb. 22, 2016) (internal quotation marks omitted) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (citing *Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985)). Regarding legal issues, the "contrary to law" standard "invite[s] plenary review" and, outside the discovery context, is akin to de novo review. *See* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3069 (2d ed. 1997).

*Pro se* filings must be held to a less stringent standard than those drafted by lawyers and should be liberally construed by the court. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the court's obligation to show special solicitude to *pro se* litigants does not permit a court to construct claims or arguments that the *pro*

6

*se* litigant has failed to raise, *see Williams v. Ozmint*, 716 F.3d 801, 810-11 (4th Cir. 2013) (citing *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985)), or to excuse a *pro se* litigant's failure to abide by the procedural rules equally applicable to all litigants, *see In re Under Seal*, 749 F.3d 276, 290 (4th Cir. 2014) (citing *McNeil v. United States,* 508 U.S. 106, 113, (1993)).

## III. ANALYSIS

The court begins by addressing Plaintiff's objections to the Magistrate Judge's order denying his motion to appoint counsel and then addresses Plaintiff's objections to the Magistrate Judge's Report.

**A. The Magistrate Judge's order denying motion to appoint counsel**

Plaintiff objects to the Magistrate Judge's denial of his motion to appoint counsel. (ECF No. 11 at 16-18.) Courts have discretion to appoint counsel for indigent civil plaintiffs, but appointment is usually granted only in exceptional circumstances. *See Whisenant*, 739 F.2d at 163. "[W]hether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant," *id.*, meaning that the issue "will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individual bringing it," *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).

The Magistrate Judge's decision was based on her factual determination that the Plaintiff's complaint did not present extraordinary circumstances usually required for the appointment of counsel under § 1915(e)(1). Plaintiff does not object to the legal framework set out in the Magistrate Judge's order and recognizes the Magistrate Judge's discretion in determining whether counsel should be appointed. (*Id.* at 16.) Instead, Plaintiff asks for reconsideration of the Magistrate Judge's factual determination made within the confines of the legal framework. (*Id.*) The court notes that Plaintiff's arguments for reconsideration of the Magistrate Judge's

determination merely repeat the factual bases for the appointment of counsel he asserted in his motion. (*Compare* ECF No. 6 at 1, *with* ECF No. 11 at 16-18.) In addition to the facts asserted in his motion, Plaintiff, in his objections, states that he is being treated for "PTSD" and that the litigation of his criminal and civil cases has caused him "emotional distress." (ECF No. 11 at 18.) The court notes, however, that Plaintiff has not explained how his PTSD would affect his ability to prosecute his claims.

In the end, even with the additional information provided by Plaintiff's objections, the court cannot say that the Magistrate Judge's factual determination (that Plaintiff's case does not present the exceptional circumstances warranting appointment of counsel) is clearly erroneous.

**B. The Magistrate Judge's Report**

"Under . . . § 1915(e), which governs [*in forma pauperis*] filings in addition to complaints filed by prisoners, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006). A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Dismissal is appropriate if, even accepting the well-pled allegations in the complaint and viewing the complaint in the complainant's favor, the complaint could not state a legally cognizable claim for which the court could grant relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, if a defendant is protected from the suit by sovereign immunity pursuant to the Eleventh Amendment, prosecutorial immunity, or quasi-judicial

immunity, *sua sponte* dismissal under § 1915(e)(2)(B) is appropriate. *See Corder v. South Carolina*, No. 2:16-401-RMG, 2016 WL 1213228, at *2 (D.S.C. March 23, 2016); *Williams v. McFadden*, No. 4:14-cv-121-FL, 2015 WL 4256179, at *2-4 (E.D.N.C. July 14, 2015).

Plaintiff's objections contain a laundry list of challenges that tracks the Report's structure, and the court addresses the objections accordingly. First, in response to the Report's determination that any claims Plaintiff attempts to bring on behalf of other prisoners must be dismissed because he lacks standing to bring the claims, Plaintiff contends that he discussed other prisoners' claims in order to demonstrate that there exists common questions of law and fact among his and other prisoners' claims, that he should be able to represent these prisoners as a class, and that the court should allow him to amend his complaint pursuant to Fed. R. Civ. P. 15(a) in order to bring the claims in a class action under Fed. R. Civ. P. 23. (*See* ECF No. 11 at 2-4; *see also id.* at 9-11, 19-20; ECF No. 11-1.)

To the extent Plaintiff objects to the Magistrate Judge's determination that he cannot bring claims on behalf of other prisoners, the court overrules that objection. *See Myers*, 418 F.3d at 401; *Hummer*, 657 F.2d at 625-26; *Inmates*, 561 F.2d at 562-63. To the extent Plaintiff requests to amend his complaint to assert a class action, the request must be rejected. In these circumstances, Plaintiff may amend his complaint with the court's leave, and the court should freely grant leave when justice so requires. *See* Fed. R. Civ. P. 15(a). However, the court may deny a request to amend the complaint when the proposed amendment would be futile. *See United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013). Here, amending the complaint to make Plaintiff, a *pro se* prisoner, the representative of a class of prisoners would be futile. *See Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

9

Next, with respect to the Magistrate Judge's determination that Defendants are all protected by some form of immunity, Plaintiff raises one objection. The Magistrate Judge determined that the State of South Carolina and the County of Spartanburg are immune from the suit brought by Plaintiff under the principle of sovereign immunity reflected in the Eleventh Amendment. In response, Plaintiff states that he has "a 'huge concern' and 'dislike' toward [the Eleventh] Amendment." (ECF No. 11 at 4.) Plaintiff appears to argue that the Eleventh Amendment is invalid or that subsequent constitutional amendments and the "Affordable Care Act" provide a form of suit that sidesteps the Eleventh Amendment's protections. (*See id.* at 5-6.) Plaintiff also appears to argue that South Carolina lost its sovereign immunity when it agreed to join the Union. (*See id.* at 6.) All of these arguments are without merit. Challenges to the Eleventh Amendment's validity have been rejected since they were first raised, *see Hollingsworth v. Virginia*, 3 U.S. (3 Dall.) 378 (1798), and the Supreme Court consistently has applied the doctrine of sovereign immunity enshrined in the Eleventh Amendment to bar from the federal courts suits against states by their citizens, *see Alden*, 527 U.S. at 712-13; *Hans*, 134 U.S. 1.

Aside from his one meritless objection, Plaintiff also appears to seek to amend his complaint by replacing all or some of the named Defendants with the Spartanburg County Clerk of Courts, and, in response to the Magistrate Judge's determination that the complaint fails to allege sufficient factual matter to state a claim against Blackley, Plaintiff also seeks to amend his complaint in order to include additional factual details to explain how the Spartanburg County Clerk of Courts is in violation of S.C.R. Civ. P. 3. (*See* ECF No. 11 at 7-11.) He further explains that his proposed claim against the Spartanburg County Clerk of Courts is pursuant to *Monell v. N.Y.C. Dep't of Soc. Servs.*, 438 U.S. 658 (1978). (*See id.* at 7). The court concludes that these proposed amendments would be futile. *See Nathan*, 707 F.3d at 461. "It is well settled that the

clerk and other staff member[s] of the [c]ourt have a derivative of judicial immunity known as quasi-judicial immunity for alleged actions taken in the course of their court duties." *Taylor v. Brooks*, No. 3:15-1138-RMG, 2015 WL 4274834, at *2 (D.S.C. 2015) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987); *Eades v. Sterlinske,* 810 F.2d 723, 726 (7th Cir. 1987); *Abebe v. Propes*, No. 0:11–1215–MBS, 2011 WL 2581385 (D.S.C. 2011). Thus substituting the Spartanburg County Clerk of Courts as a defendant would not overcome the doctrines of immunity that bar Plaintiff's suit and would therefore be futile. The *Monell* decision does not alter this conclusion, as it did not involve any aspect of judicial immunity. Amending the complaint to include the additional factual details outlined in Plaintiff's objections likewise would be futile because, even read liberally, the additional details do not allege that either Blackley or the Spartanburg County Clerk of Courts is under a legal obligation that has been violated.

The court notes that Plaintiff does not object to the Magistrate Judge's determination that Plaintiff's claims against Barnette and Blackley should be summarily dismissed on the basis of prosecutorial and quasi-judicial immunity, respectively. Perceiving no clear error in these determinations, the court concludes summary dismissal of these two Defendants on this basis would be appropriate.

Next, in response to the deficiencies identified by the Magistrate Judge in Plaintiff's FOIA claim, Plaintiff asserts that he made FOIA requests by requesting his case history from Defendants, that Defendants denied this request by requiring a fee to be paid for the portion of the case history not contained in the first page, and that he exhausted his administrative remedies in that his requests were repeatedly denied. (*See* ECF No. 11 at 15.) The court notes that none of these allegations appear in the complaint and that Plaintiff has not requested to amend his complaint to include these allegations. More importantly, even assuming these allegations were included in the

complaint, Plaintiff has not objected to the Magistrate Judge's determination that his FOIA claim should be denied because FOIA does not apply to states, state agencies, or state officers, such as Defendants. The court perceives no clear error in the Magistrate Judge's determination, and concludes that the FOIA claim should be summarily dismissed on this basis. *See Miller*, 2008 WL 5427754, at *3.

Although the Magistrate Judge determined that the court should summarily dismiss the complaint because the court lacked jurisdiction to grant relief in the nature of mandamus, which Plaintiff sought, Plaintiff has not offered any objection to this determination. Instead, Plaintiff seeks to amend his complaint to include additional requests for relief, nearly all in the nature of mandamus. (*See* ECF No. 11 at 19-20.) The court perceives no clear error in the Magistrate determination and concludes that summary dismissal as to the requested relief in the nature of mandamus would be appropriate on this basis.

## IV. CONCLUSION

Upon careful consideration of the entire record, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 9), and Plaintiff's objections (ECF No. 11) are **OVERRULED**. The Magistrate Judge's order denying Plaintiff's motion to appoint counsel (ECF No. 8) is **AFFIRMED**, and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** and without issuance or service of process.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Court Judge

March 30, 2017
Columbia, South Carolina